IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

LOMA LINDA UNIVERSITY,

    Plaintiff,

v.

SMARTER ALLOYS INC.,

    Defendant / Third-Party Plaintiff,

v.

RODRIGO VIECILLI,

    Third-Party Defendant.

Civil Action No. 1:19-CV-00607-LJV

## SMARTER ALLOYS' MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF THE ANTICIPATED TESTIMONY OF PLAINTIFF'S EXPERT WITNESS JOANNE JOHNSON

Defendant Smarter Alloys Inc. moves to exclude the testimony of Plaintiff Loma Linda University's proposed damages expert Joanne Johnson under Federal Rules of Evidence 402, 403, and 702 on the following:

1. That the "SmartArch" product was "developed using research conducted pursuant to the Consulting Agreement" (Expert Report of Joanne Johnson, dated March 26, 2024, at 3 [hereinafter "Report"]) [1];

2. The Relevant Background in sections 5.1 and 5.2 at pages 5-6 of the Report;

3. The description of the Relevant Products at pages 10-13 of the Report;

4. The Market Overview at pages 15-21 of the Report;

---

[1] A copy of the Expert Report of Joanne Johnson dated March 26, 2024, is attached as Exhibit A to the Declaration of Steven P. Nonkes being filed in support of Smarter Alloys' motions *in limine*.

5. The Timeline of Events on page 22 of the Report;

6. Description of discovery requests from Loma Linda to Smarter Alloys, including counsel's letters (Report at 9 n. 76, 77 and at 14 n. 100); and

7. Summary of Critiques on pages 25-26 of the Report.

## ARGUMENT

Ms. Johnson opines that, if Smarter Alloys is found to have breached the Consulting Agreement, Loma Linda is owed lost royalties on the sale of the SmartArch of between $24,442 and $60,732. (Report at 3.) As described in the Report, the task was to determine the royalties potentially owed under the Consulting Agreement, which provided for "a 4% royalty rate on the gross profits earned on the sale of any covered products." (Report at 23.) As detailed in the Report, this calculation required Ms. Johnson to: (1) quantify Smarter Alloys' revenues for its SmartArch Universal archwires using its unit sales and average selling price, (2) estimate Smarter Alloys' gross profits on those sales, and (3) apply the 4% royalty rate. (Report at 23-25.) Whether the SmartArch Universal is a covered "Product" under the Consulting Agreement and thus royalties are owed, is an issue for the jury to determine. (*See* Docket No. 193 at 17.)

Given the limited scope of her opinion on damages, which relies on the sales of the SmartArch Universal, Smarter Alloys' cost data and related documents, and the 4% royalty rate provided in the Consulting Agreement, most of the other information outlined the Report is irrelevant to Ms. Johnson's royalty calculations, and should be excluded as unhelpful to the jury and improper narrative.

A. **Standards**

Federal Rule of Evidence 702 permits the admission of expert testimony as long as:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The party offering the expert carries the burden of establishing the requirements imposed by Rule 702, and the court acts as a "gatekeeper" to ensure that the "expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Teachers' Ret. Sys. of La. v. Pfizer, Inc. (In re Pfizer Inc. Sec. Litig.)*, 819 F.3d 642, 658 (2d Cir. 2016) (citations and internal quotation marks omitted).

"In addition to Rule 702, expert testimony may be excluded under Federal Rules of Evidence 402 and 403, if it is irrelevant or more prejudicial than probative…." *In re Axa Equitable Life Ins. Co. Coi Litig.*, 595 F. Supp. 3d 196, 250 (S.D.N.Y. 2022) (citing *Tchatat v. City of New York*, 315 F.R.D. 441, 444 (S.D.N.Y. 2016). Testimony that is admissible under Rule 702 still may be struck under Federal Rule of Evidence 403 if the Court finds that the "probative value [of the evidence] is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Expert testimony is particularly susceptible to these dangers, "given the unique weight such evidence may have in a jury's deliberations." *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005). "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993) (quoting Jack B. Weinstein, Rule

702 of the Federal Rules of Evidence Is Sound; It Should Not Be Amended, 138 F.R.D. 631, 632 (1991)).

An expert should not testify about the factual background of the case because "[s]uch material, to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004) "Simply rehashing evidence about which an expert has no personal knowledge is impermissible under Rule 702." *Sharkey v. J.P. Morgan Chase & Co.*, 978 F. Supp. 2d 250, 252 (S.D.N.Y. 2013) (quoting *Ridge Clearing & Outsourcing Solutions, Inc. v. Khashoggi*, No. 07 Civ. 6611 (RJH), 2011 WL 3686468, at *2 (S.D.N.Y. Aug. 12, 2011)).

    B.    **Other Than Her Testimony on the Royalty Calculations, Johnson's Testimony Should Be Excluded as Improper Narrative and Irrelevant to Her Conclusions.**

Most of the opinions expressed in the Report do not support or relate to Ms. Johnson's opinions on the amounts of royalties owed. The "Relevant Background" (pages 5-6), description of the "Relevant Products" (pages 10-13), "Market Overview" (pages 15-21), and Timeline of Events (page 22) are simply summaries of alleged (and many disputed) facts based on witness transcripts and documents produced during the litigation. To the extent that such details are relevant to the issues still to be decided by the jury (whether the SmartArch Universal is a "Product" as defined in the Consulting Agreement and the amount of royalties owed, if any), they should be introduced into evidence by witnesses with personal knowledge and/or documentary evidence, not a paid mouthpiece.

Further, Ms. Johnson's report does not tie her discussion of the "Relevant Products" to the royalty calculations (which simply assume that sales of the SmartArch Universal are subject to a royalty) and the differences between the products are not within her area of expertise. Her discussion of the orthodontics market has nothing to do with the royalty calculation, and is

prejudicial because it throws around large market size estimates ($4.06 billion orthodontics market and $95 million archwire market) that are unrelated to any sales made by Smarter Alloys or any obligation on the part of Smarter Alloys to capture that market. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue.").

The "Relevant Background" is simply a repeat of Loma Linda's allegations, which is entirely impermissible. *Spizz v. Eluz (In re Ampal-American Israel Corp.,* Case No. 12-13689 (SMB), Adv. Proc. No. 14-02110 (SMB), 2020 Bankr. LEXIS 1292 *10-11 (Bankr. S.D.N.Y May 14, 2020) ("It is plainly improper for Solomon to testify about the factual background of the case, let alone from the Trustee's perspective. These matters will be presented to the jury through fact witnesses and properly authenticated documents, not an expert who lacks personal knowledge of the facts.") Likewise, the discussion of correspondence with counsel and discovery issues should be excluded as any prejudice will outweigh the limited probative value of such evidence under Rule 403.

C. **Other Opinions Rendered by Ms. Johnson Should Be Excluded.**

Ms. Johnson opines that the "SmartArch" product was "developed using research conducted pursuant to the Consulting Agreement" (Report at 3). This is a disputed issue (Docket No. 193 at 15-16 n. 11) that will be decided by the jury based on the facts of the case, and should not be the subject of expert testimony.

Ms. Johnson also opines that "Mr. Kuntz and Mr. Bain fail to adequately disclose their expert opinions by failing to disclose the principles and methods utilized as well as the facts or data that form the basis for their expert opinions." (Report at 26.) This statement tries to articulate

the legal standard for an expert disclosure, but does not apply here. Mr. Kuntz and Mr. Bain are employees of Smarter Alloys, not retained experts. Therefore, Smarter Alloys was only required to disclose: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. *See* Fed. R. Civ. P. 26(2)(C). In any event, compliance with the Federal Rules of Civil Procedure is not a proper subject for expert testimony.

## CONCLUSION

For the foregoing reasons, the cited portions of the testimony of Loma Linda's damages expert Joanne Johnson should be excluded under Fed. R. Evid. 402, 403 and/or 702.

Dated: May 28, 2024

        HARRIS BEACH PLLC

By: */s/ Steven P. Nonkes*
James R. Muldoon
Harris Beach PLLC
333 W. Washington St., Suite 200
Syracuse, New York 13202
Telephone: (315) 214-2021
jmuldoon@harrisbeach.com

Laura W. Smalley
Steven P. Nonkes
Harris Beach PLLC
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800
lsmalley@harrisbeach.com
snonkes@harrisbeach.com

*Attorneys for Defendant/Third-Party Plaintiff Smarter Alloys, Inc.*