IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOMA LINDA UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SMARTER ALLOYS INC.,<br><br>　　　　Defendant / Third-Party Plaintiff,<br><br>v.<br><br>RODRIGO VIECILLI,<br><br>　　　　Third-Party Defendant. | Civil Action No. 1:19-CV-00607-LJV |

**SMARTER ALLOYS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATED TO FUTURE DAMAGES**

Defendant Smarter Alloys Inc. moves to exclude any testimony, evidence or argument that Plaintiff Loma Linda University may offer regarding future damages and any testimony regarding the size of, or the sales of products in the orthodontics market under Federal Rules of Evidence 402, 403, and 702, as well as Federal Rule of Civil Procedure 37.

### ARGUMENT

**A. Loma Linda Should Be Precluded From Offering Evidence of Future Damages or Requesting that the Jury Award Future Damages.**

The proposed verdict form submitted by Loma Linda (ECF No. 211, page 4, questions 4 and 5) requests that the jury determine whether Loma Linda is "entitled to either a royalty on future sales or a one-time payment due to Smarter Alloys' breach" and "the amount of future damages that Loma Linda will incur as a result of Smarter Alloys' breach of contract." Thus,

Loma Linda intends to present a claim for future damages to the jury, either in the form of a reasonable royalty or a lump sum.

Loma Linda's Initial Disclosures[1] do not provide a computation of future damages, either as a royalty or as a lump sum payment. (**Ex. A** at 5-6.) The Disclosures cursorily state that Loma Linda University and Dr. Viecilli "seek damages suffered by reason of breach of contract and breach of the covenant of good faith and fair dealing by SA, prejudgment interest, and an award of reasonable attorneys' fees, expert witness expenses, and costs incurred." (**Ex. A** at 5.) The Initial Disclosures lack **any** damages calculations, but particularly, they do not assert or calculate **future damages**, either as a royalty or a lump sum. Simply put, Loma Linda has not disclosed any amount of claimed future damages or how any such damages would be calculated.

A plaintiff must disclose to the defendant a computation of each category of damages claimed pursuant to Fed. R. Civ. P. 26(a), and if a plaintiff fails to provide that damages computation, Fed. R. Civ. P. 37(c) provides that exclusion of such evidence is the appropriate remedy, unless the failure to disclose is harmless or was substantially justified. Because Loma Linda did not disclose a proper damages computation as required by Fed. R. Civ. P. 26(a), Smarter Alloys' motion *in limine* should be granted and Smarter Alloys must be precluded from introducing evidence related to any future damages at trial. "To conclude otherwise would permit a trial by ambush on damages, a result the Federal Rules of Civil Procedure are designed to prevent." *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 19-CV-505, 2020 WL 4574493, at *8 (E.D. Va. Aug. 7, 2020). Here, Smarter Alloys was prejudiced by this late request for future damages, made weeks before the trial.

---

[1] Loma Linda's Initial Disclosures are attached as **Exhibit A** to the accompanying Declaration of James R. Muldoon dated June 17, 2024, submitted herewith.

2

Further, Loma Linda has not disclosed any evidence that would support an award of future damages. Its damages expert, Joanne Johnson, has not provided a calculation of future damages. Her summary of damages is limited to the time period 2016 to February 2024 (Report of Joanne Johnson, dated March 26, 2024, at 26).[2] Thus, Ms. Johnson should be precluded from offering any testimony or calculation of such damages. "It is well-established that 'expert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1).'" *United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 132 (S.D.N.Y. 2015) (quoting *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y.), *reconsideration denied* (May 7, 2014), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014)).

Further, any award of future damages would have no basis. Neither Loma Linda's Initial Disclosures nor the Johnson Report attempt to estimate or calculate future sales of the SmartArch Universal, and any such opinion would not be helpful to the jury in any event. *See Arconic Corp. v. Novelis Inc.*, No. 17-1434, 2022 U.S. Dist. LEXIS 209258, at *24 (W.D. Pa. Nov. 18, 2022)("In sum, Bergman's opinion about a royalty rate to be applied to unknown future sales is simply not helpful."); *Allergan Sales, LLC v. UCB, Inc.*, No. 215CV01001JRGRSP, 2016 U.S. Dist. LEXIS 191853 (E.D. Tex. Nov. 7, 2016) ("Any opinion on a future royalty that may accrue from infringement that has not yet occurred . . . is properly excludable under Rule 702(a) as being contrary to law or as not helpful to the trier of fact to determine 'a fact in issue.'").

---

[2] The March 26, 2024 Expert Report of Joanne Johnson is attached as **Exhibit B** to the accompanying Declaration of James R. Muldoon, dated June 17, 2024, submitted herewith.

Further, the Amended Manufacturing Process Agreement[3] between Ormco and Smarter Alloys, by which Smarter Alloys processed archwires for Ormco, only remains in effect until November 8, 2025 (unless terminated early). (**Exhibit B** at 7.) Any damages sought after the date for termination of the Agreement would be speculative because renewal of the Agreement cannot be assumed. *See Nutrisoya Foods Inc. v. Sunrich, Ltd. Liab. Co.*, 626 F. Supp. 2d 985, 994 (D. Minn. 2009) ("Because renewal of the Agreement was subject to a party's timely notice of non-renewal, any claim for damages suffered beyond the Agreement's initial three-year term would be speculative and based on that contingency."); *Saxon Techs., LLC v. Wesley Clover Sols.-N. Am., Inc.*, No. 652169/2013, 2014 NY Slip Op 30002(U), ¶ 5 (Sup. Ct. N.Y. Co. 2014)("Rather, Saxon contends that, had Seaport not sought to contract with WCS directly, it would have renewed, thereby generating more fees for Saxon. This is speculative. Moreover, even if Seaport's renewal was not speculative, the amount of damages is, since there is no way to know for how many more years Seaport would have renewed or what the fees would have been."). Loma Linda's expert report on damages lacks any opinion about whether the Agreement would have been renewed and Loma Linda cannot point to any evidence in the record regarding renewal, and thus there would be no basis for the jury to award such damages.

Finally, Loma Linda has not indicated what type of "lump sum" future damages should be awarded nor provided a calculation thereof. The parties' Consulting Agreement provides that the royalty on the defined Product "shall be paid during a term which shall expire with the expiry of the last issued patent (US or international) claiming the Product, or upon the execution of the

---

[3] On April 25, 2018, SmartArch and Ormco entered into a Manufacturing Process Agreement ("Original Manufacturing Process Agreement"), and on November 5, 2018, the parties entered into the First Amended and Restated Manufacturing Process Agreement ("Amended Manufacturing Process Agreement").

Buyout (defined below)." (**Exhibit C** at LLU0001438.)[4] The "Buyout" is at Smarter Alloys' option and is a "one-time royalty Buyout of $1,500,000 US less any royalties already paid" that terminates future royalty payment. (*Id.*) The "Buyout" option would only be triggered if the royalties on the "Product" were anticipated to exceed $1,500,000 (including the time-value of money) before the patent applications assigned to Smarter Alloys by Loma Linda/Dr. Viecilli expire. Loma Linda has not detailed a basis for the Buyout to apply, either in its Initial Disclosures or the Johnson Report. And, even if Ms. Johnson's higher estimate of damages were accepted ($60,734) as the damages owed between 2015 and February 2024 (over nine years), it is unlikely that the buyout would make economic sense.

Loma Linda's proposed "future damages" were not properly disclosed under Fed. R. Civ. P. 26(a) and were not disclosed as potential expert opinion in the Johnson Report. As such, any testimony or argument about future damages should be excluded from evidence, and the jury should not be asked to assess such damages.

### B. Loma Linda Should Not Be Able to Introduce Expert Opinion About the Size of the Orthodontic Market and/or that the Size of the Market Impacts Damages In Any Way.

Ms. Johnson's report provides an extensive discussion of the size of the orthodontic market, including estimates that the global orthodontics market is projected to reach $9.72 billion by 2026 (**Exhibit B** at 15), the orthodontics supplies market is projected to reach $4.02 billion by 2026 (*id.* at 17), and that the archwire market is expected to grow to $113.9 million by 2025 (*id.* at 19), as well as estimates that the U.S. market is 1.5 million archwires (*id.* at 21). Contrary to Loma Linda's representation in its response to Smarter Alloys' earlier motion *in limine* regarding Ms. Johnson's testimony, her report does not opine that she relied on these "general market

---

[4] The parties' Consulting Agreement is attached as **Exhibit C** to the accompanying Declaration of James R. Muldoon, dated June 17, 2024, submitted herewith.

5

forces" in rendering her expert opinion on damages (Loma Linda Opposition, ECF No. 228, at 4, citing Ms. Johnson's Report at 9-10). Pages 9-10 of Ms. Johnson's report, which relates to Ormco's Sales Expectations (**section 5.4**), simply states:

> Based on the Ormco SmartArch Archwire sales data provided by SA, I have estimated SA's unit sales to Ormco, as shown in the figure below. I understand that LLU has requested SA produce additional unit sales and unit pricing to supplement its production[77] but SA has not provided such information to date. Given that SA has only provided revenue data for Fiscal Year 2021 through February 2024, and did not provide updated unit sales or pricing data, I have estimated the units sold to Ormco in Fiscal Year 2021 through Feb 2024 using the March 2019 to 2020 average sales price.[78]

(**Ex. B** at 9.)[5] Thus, while Loma Linda claims that Ms. Johnson relies on "general market forces" as described in section 7 of her report, her report does not opine that such forces are the basis for her royalty calculation, and she does not mention future royalties or damages at all.

While the Court deferred relevance objections on this material until trial at the pretrial conference, it is clear the scope of Ms. Johnson's expert report prohibits any opinion that the so-called "general market forces" relate to her damages calculation at all, particularly that they are informative as to future damages. *See Rowe Entm't v. William Morris Agency*, 2003 U.S. Dist. LEXIS 17623, at *5 n.3 (S.D.N.Y. Oct. 2, 2003) ("Absent substantial justification or a showing of harmlessness, expert testimony exceeding the bounds of the expert's report must be excluded pursuant to Rule 37(c)(1).").

Further, given that the estimated damages are limited to Smarter Alloys' actual sales (not projected or anticipated revenue), Loma Linda's true purpose in having Ms. Johnson testify about the projected market size is to support its (undisclosed) future damages claim. The discussion regarding the size of the market should be excluded, just as evidence of future

---

[5] While Loma Linda complains about Smarter Alloys' failure to turn over relevant information (ECF No. 228 at 4), notably, it never moved to compel further disclosure.

damages should be excluded, because that theory was not properly disclosed and providing testimony about "general market forces" would confuse the jury.

## CONCLUSION

For the foregoing reasons, any testimony Loma Linda may offer regarding future damages or regarding the size of or the sales of orthodontic products in the general market should be excluded under Federal Rules of Evidence 402, 403, and 702, as well as Federal Rule of Civil Procedure 37.

Dated: June 17, 2024

                            HARRIS BEACH PLLC

                            By:  */s/ James R. Muldoon*
                                  James R. Muldoon
                                  Harris Beach PLLC
                                  333 W. Washington St., Suite 200
                                  Syracuse, New York 13202
                                  Telephone: (315) 214-2021
                                  jmuldoon@harrisbeach.com

                                  Laura W. Smalley
                                  Steven P. Nonkes
                                  Harris Beach PLLC
                                  99 Garnsey Road
                                  Pittsford, New York 14534
                                  Telephone: (585) 419-8800
                                  lsmalley@harrisbeach.com
                                  snonkes@harrisbeach.com

                                  *Attorneys for Defendant/Third-Party Plaintiff Smarter Alloys, Inc.*