UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LOMA LINDA UNIVERSITY,

       Plaintiff,

       v.

SMARTER ALLOYS, INC.,

       Defendant/Third-Party
       Plaintiff,

       v.

RODRIGO VIECILLI,

       Third-Party Defendant.

_____

19-CV-607-LJV-MJR
DECISION & ORDER

The defendant, Smarter Alloys, Inc. ("Smarter Alloys"), has filed a motion to seal (1) portions of its memorandum of law in support of its post-trial motions; and (2) sixteen exhibits (namely, Exhibits 1-8 and 10-17) submitted in support of those motions. Docket Item 295 (motion to seal); *see* Docket Item 296 (post-trial motions). Smarter Alloys submitted a declaration in support of sealing those filings, although that declaration was not filed on the docket. For the reasons that follow, this Court denies the motion to seal without prejudice.

## **DISCUSSION**

Under Local Rule of Civil Procedure 5.3(a), "parties, complaints, and documents are [presumptively] publicly accessible," and "[a] party seeking to have a case, party,

complaint, document, or portion of a document filed under seal bears the burden of

demonstrating that such material should be sealed under applicable law." Loc. R. Civ.

P. 5.3(a). That rule is consistent with the longstanding "'presumption of access' to

judicial records," which is rooted in the Constitution as well as the common law.

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir.

2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir.

2006)); *see also United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014)

("The notion that the public should have access to the proceedings and documents of

courts is integral to our system of government.").

To determine whether a right of access attaches to a filing, the court must first

decide whether the record at issue constitutes a "judicial document." *Bernstein*, 814

F.3d at 141. "[T]he mere filing of a paper or document with the court is insufficient to

render that paper a judicial document subject to the right of public access." *United*

*States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Instead, "the item filed must be

relevant to the performance of the judicial function and useful in the judicial process."

*Id.* The Second Circuit has held that "documents submitted to a court for its

consideration in a summary judgment motion are—as a matter of law—judicial

documents to which a strong presumption of access attaches, under both the common

law and the First Amendment." *Lugosch*, 435 F.3d at 121.

If a court determines that a filing is a "judicial document[]," it may be sealed only

"if a sufficiently compelling countervailing interest is demonstrated," *United States v.*

*King*, 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (citing *Lugosch*, 435 F.3d at

120) (common law standard), and "if 'specific, on the record findings are made

demonstrating that closure is essential to preserve higher values and is narrowly

tailored to serve that interest.'" *Id.* (citing *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 13-

14 (1986)) (First Amendment standard).

Here, Smarter Alloys has moved to seal sixteen exhibits to its post-trial motions

for judgment as a matter of law and remittitur, as well as the portions of its

memorandum of law referring to those exhibits.  Docket Items 295, 296, and 296-3.

Such documents clearly are "judicial documents" to which a common law and First

Amendment presumption of access attaches.  *See Amodeo*, 44 F.3d at 145.  Indeed, as

just noted, the Second Circuit has held that documents submitted for a court's

consideration in a summary judgment motion are judicial documents "as a matter of

law," *Lugosch*, 435 F.3d at 121, and the same certainly is true with respect to post-trial

motions that ask the court to enter judgment in the party's favor.

In fact, in its unfiled declaration, Smarter Alloys does not argue that these filings

are not judicial documents to which a presumption of access attaches.  Instead, it says

that these filings should be sealed because (1) United States Magistrate Judge Michael

J. Roemer previously granted motions to seal five of the exhibits—namely, Exhibits 1, 6,

10, 12, and 17—at an earlier stage in the case; and (2) the remainder of the exhibits

were marked as confidential during discovery.

Neither of those arguments suffices.  That is, Smarter Alloys has not provided

this Court with any reason to hold that sealing is necessary to serve a "sufficiently

compelling countervailing interest" or to "preserve higher values and . . . narrowly

tailored to serve that interest."  *See King*, 2012 WL 2196674, at *2.  The fact that a

document previously was sealed does not mean that it must remain so indefinitely—

3

particularly after a public trial.  Similarly, the fact that a document was marked as confidential during discovery does not mean that it should be sealed when submitted in connection with a dispositive motion.  *See In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) ("[T]he public's right of access to discovery materials depends on the type of materials and the stage of the litigation.").

## CONCLUSION

Smarter Alloys' motion to seal, Docket Item 295, therefore is DENIED without prejudice to renewal consistent with the above analysis.  If Smarter Alloys wishes to move again to file these documents under seal, it must do so by 12/16/2024.  Any motion must be accompanied by a memorandum of law that clearly identifies the factual and legal bases for sealing, and that memorandum of law—or, if necessary, a redacted version of it—shall be filed on the docket.  If Smarter Alloys does not renew its motion to seal by 12/16/2024, the documents shall be filed publicly on the docket.


SO ORDERED.

Dated:   December 2, 2024
         Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE


4